IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>JAMES L. COOK, III d/b/a<br>THE COOK LAW GROUP, LLC,<br><br>      Debtor. | )<br>)<br>)  Bankruptcy No. 09-25681-JAD<br>)<br>)<br>)<br>)  Chapter 7<br>x |
| JUSTIN R. LEWIS,<br><br>      Movant,<br>  v.<br><br>JAMES L. COOK, III d/b/a<br>THE COOK LAW GROUP, LLC<br><br>      Respondent. | )<br>)  Doc. No. 180<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>x |

## MEMORANDUM OPINION

The matter before the Court is the *Petition to Vacate Discharge* filed by the Movant Justin R. Lewis. The *Petition* seeks to vacate the discharge for purposes of having a forensic accountant review the records of the Debtor James L. Cook, III for fraud and to allow the Movant to file a complaint objecting to the Debtor's discharge and/or dischargeability of debt. This matter is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. §157(b)(2)(A), (I) and (J) and 28 U.S.C. §1334. This Memorandum Opinion constitutes the Court's findings of fact and conclusion of law pursuant to Fed. R. Bankr. P. 7052. For the reasons expressed below, the *Petition* shall be denied.

I.

The Movant, Justin R. Lewis ("Lewis") is an unsecured creditor of the Debtor, James L. Cook ("Cook"), as a result of a former employment relationship between the

00006962.WPD

parties. Lewis had worked at the former law firm of the Debtor known as the Cook Law Group. The parties have had a lengthy relationship during the course of this bankruptcy regarding discovery related to potential actions by Lewis for objection to discharge and or dischargeability of debt.

The Debtor filed his voluntary Chapter 7 case on July 31, 2009. The date for filing objections to discharge or dischargeability was originally set for December 21, 2009. Prior to that deadline, the Debtor and Lewis entered into a consent motion to extend the time to object that extended the deadline to March 21, 2010.[1] See Doc. #56. A second consent motion was entered and approved extending the deadline to object to May 7, 2010. See Doc. # 74. The time to object was extended to June 4, 2010 pursuant to a third motion to extend the time. See Doc. # 87. Two days before the expiration of the June 4 deadline, Lewis filed a Motion to Compel Discovery asserting that his efforts to take a Rule 2004 deposition were stymied by the Debtor's failure to produce discovery aimed at uncovering "Debtor's willful and deliberate fraud". See Doc. #96, ¶10. The Order scheduling the hearing on the Motion to Compel provided that the time to object to discharge was extended pending the hearing. See Doc. # 99.

At the hearing on the Motion to Compel Discovery, the Debtor was required to provide specific information requested by Lewis. See Doc. #119.[2] A further status conference was set for October 7, 2010. No further order was issued regarding the extension of time to object to discharge/dischargeability. On October 6, 2010 and again

---

[1] Extensions of time were also granted to others. The Debtor consented to an extension of time to object for the Chapter 7 Trustee to March 21, 2010. Five consent motions to extend the deadline to object to discharge and/or dischargeability were also entered into with creditor Guardian Advisors, LP, II that resulted in extensions until February 22, 2011.

[2] The hearing on the Motion to Compel Discovery was originally set for July 8, 2010 but rescheduled a number of times and heard on September 2, 2010.

on November 1, 2010 Lewis filed Motions for Sanctions asserting failure to comply with discovery. See Doc. ## 125, 133.[3] On December 21, 2010, this Court entered orders denying the Motions for Sanctions filed at Doc. #133 and ordering the Debtor to turnover certain documents. In May of 2011, Lewis filed his fourth Motion for Sanctions. See Doc. #166. The Debtor was ordered to cooperate with Lewis regarding specific discovery requests and file a written certification that all requested documents had been provided. The Debtor filed his *Declaration Under Penalty of Perjury Regarding Compliance with Discovery Requests* on July 8, 2011. See Doc. #176. Thereafter, no further action was taken by Lewis.

Despite the numerous extensions of time granted, Lewis did not file a complaint objecting to discharge or dischargeability. The discharge of the Debtor was issued on November 3, 2011. See Doc. #178. At the time of the entry of the discharge the case had been pending for twenty-seven months. On November 13, 2011, Lewis filed the subject *Petition to Vacate Discharge* (the "*Petition*"). Lewis was provided with the opportunity to file a brief to support his *Petition* since no statutory or other basis for the relief requested was provided in the *Petition* or at the hearing.

In the *Petition*, Lewis asserts that the financial affairs of the Debtor were not sufficiently examined by the Chapter 7 Trustee. Lewis further asserts that the Debtor provided false information in his bankruptcy "petition".[4] As a result, there was nothing in the case for the Chapter 7 Trustee to administer and she therefore requested to be

---

[3] Through the time of filing of the second Motion for Sanctions, this case was presided over by the late Judge M. Bruce McCullough. On December 1, 2010, this case was reassigned to the undersigned.

[4] By Petition, the Court assumes Lewis meant the Debtor's bankruptcy Schedules.

discharged from her duties. Specifically, it is alleged that the Debtor failed to report fees recovered in certain lawsuits, failed to report numerous businesses in which the Debtor had an interest, failed to account for assets, was running a Ponzi scheme, "stole" over $100,000 from Lewis and refused to produce documents requested regarding a Rule 2004 deposition. Regarding the Trustee's request for discharge of her duties, Lewis contends that an inquiry of the Debtor would have revealed assets available for the bankruptcy estate. Lewis seeks to have the Debtor's discharge vacated for two purposes: (1) to have a forensic accountant appointed to investigate Cook's affairs and (2) to allow him Lewis opportunity to file a complaint objecting to discharge/dischargeability of his debt.[5]

In his *Brief in Support*, Lewis asserts several reasons why the discharge should be vacated. He contends that vacating the discharge should be granted pursuant to 11 U.S.C. §§727(d)(1) and (2). Additionally, Lewis raises the argument that his time to object to the Debtor's discharge has not expired and that the Court should vacate the discharge based on Fed. R. Civ. P. 60(b) and 11 .U.S.C. §105.[6] The Court considers each of these contentions.

## II.

At the outset, the Court notes that Lewis' *Petition* refers to "vacating" the Debtor's discharge. The *Brief in Support*, however, relies upon Section 727 of the Bankruptcy Code which provides for "revoking" the discharge. Revocation of a discharge is to be

---

[5] In his *Petition*, Lewis seeks the revocation of discharge for not only the individual case of Cook but also for the bankruptcy of Cook Law Group, P.C., Bankruptcy No. 09-25684JAD. Lewis did not file a *Petition* in the case of Cook Law Group, P.C. Even if he had, no relief would have been available as a discharge is granted only to an individual. See 11 U.S.C. §727(a)(1).

[6] In the *Petition*, Lewis quizicallly directs his attention toward the Chapter 7 Trustee. In his *Brief In Support*, he appears to have abandoned this approach. Accordingly, the basis of Lewis' argument has not always been clear to the Court.

commenced by way of an adversary proceeding. See Fed. R. Bank. P. 7001(4). No adversary complaint to revoke discharge has been filed. Deficiencies in pleadings, such as filing a motion when an adversary is required, may be overlooked so long as the pleading substantially complies with rules of pleadings. See In re Little, 220 B.R. 13 (Bankr. N.J. 1998). The Debtor does not appear to complain of this procedural defect. Moreover, because the Court is denying the relief requested, no prejudice to the Debtor will result by the Court considering the merits.[7]

A.

### 11 U.S.C. §727

Revocation of a discharge is an extraordinary remedy. See In re Bowman, 173 B.R. 922, 924 (9th Cir. BAP 1994). Revocation of a discharge or more appropriately the discharge in bankruptcy generally, is to be "construed liberally in favor of the debtor and strictly against those objecting to discharge." Id.; see also In re Lokay, 269 B.R. 132 (Bankr. W.D. Pa. 2001). The burden of proving revocation is upon the party seeking the revocation. Id. citing Johnson v. Chester Housing Authority (In re Johnson), 250 B.R. 521, 527 (Bankr. E.D. Pa. 2000). The burden of proof for revocation is a preponderance of the evidence. In re Toftness, 439 B.R. 499, 501 (8th Cir. BAP 2010).

11 U.S.C. §§727(d)(1) and(2) provide:

> On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if –

---

[7] In addition to the procedural differences in seeking to revoke versus vacate a discharge, substantive differences exist as well. In Midkiff v. Stewart, (In re Midkiff), 342 F.3d 1194, 1199 (10th Cir. 2003), the Court of Appeals for the Tenth Circuit stated that revocation involves far more than temporarily setting aside a discharge. Rather, it has the same effect as a denial of a discharge. However, when a court grants relief under Rule 60(b) (one of the basis for relief asserted by Lewis), the discharge is simply "altered to provide limited relief as appropriate under the circumstances".

> (1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge;
>
> (2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee; ...

11 U.S.C. §727(d).

A party seeking revocation pursuant to subsection 727(d)(1) must show that a debtor committed a fraud in procuring the discharge which would have prevented the debtor from receiving the discharge. In addition, the fraud must not have been discovered by the party seeking revocation until *after* the discharge. Lokay, 269 B.R. at 138. Revocation under 727(d)(1) will not be granted if a party had knowledge of facts which provided notice of fraud on the debtor's part before the discharge was granted. Mid-Tech Consulting, Inc. v. Swendra (In re Mid-Tech Consulting, Inc.), 938 F. 2d 885, 888 (8th Cir. 1991)("dismissal of a §727(d)(1) revocation action is proper where, before discharge, the creditor knows facts such that he or she is put on notice of a possible fraud.") It is the creditor's burden to investigate possible fraudulent conduct diligently before discharge. Id. citing Bear Stearns & Co., Inc. v. Stein (In re Stein), 102 B.R. 363 (Bankr. S.D.N.Y. 1989).

Lewis contends that he did not know of any alleged fraud until after the discharge was granted. Further, he asserts that he cannot be deemed to have knowledge of the contents of the various documents produced by the Debtor in discovery until such time as he reviewed those documents which was not until after the discharge was granted.

The Court finds Lewis' contention of lack of knowledge unpersuasive. The pleadings of record clearly demonstrate that Lewis was on notice of the Debtor's alleged

fraud prior to the entry of the discharge. During the pendency of the case, Lewis filed no less than three motions to extend the time to object to discharge, a notice of 2004 examination, a motion to compel and three motions for sanctions related to discovery production - all for purposes of a potential discharge or dischargeability complaint. In fact, Lewis' own pleadings assert fraud on the part of the Debtor. In a Motion to Compel filed in June of 2010, Lewis asserts that the Notice of Examination of the Debtor was "narrowly tailored to uncover Debtor's deliberate and willful fraud." See Doc. #96, ¶10. Lewis also asserts that as a former employee, Lewis had personal knowledge that the Debtor's petition was false and misleading. Lewis complains of the difficulty in receiving the requested documents, however, he does not dispute that he obtained the documents well before the Debtor's discharge. Pursuant to the Debtor's *Declaration of Compliance with Discovery Requests*, Lewis had all of the requested documents in his possession by July 6, 2011. The Debtor's discharge was not entered until November 3, 2011. It can hardly be said that Lewis Lacked knowledge of alleged fraud upon which his claim is based *prior* to the entry of the Debtor's discharge - regardless of when he actually reviewed the discovery documents.

Based on Lewis' knowledge of alleged fraud prior to discharge, the elements for revocation pursuant to 11 U.S.C. §727(d)(1) cannot be met. See e.g., In re Shepard, Adv. No. 09-00693, 2011 WL 1045081 (Bankr. D. Md. March 16, 2011)(Plaintiff's claims for revocation dismissed where essential facts on which those claims were based were known well before deadline for objecting to discharge as was established by the complaint and from the bankruptcy docket).

Revocation pursuant to subsection 727(d)(2) requires a showing that a debtor acquired or became entitled to acquire property that was property of the estate and

knowingly and fraudulently failed to disclose or deliver the property to the trustee. This subsection, unlike 727(d)(1), is silent regarding the prior knowledge of the fraud by the party seeking revocation. However, many courts read such a restriction into the section. See e.g., Keeffe v. Natalie, 337 B.R. 11, 14 (N.D.N.Y. 2006)(citations omitted); but see In re In re Barnes, 348 B.R. 613 (Bankr. D.D.C. 2006)(discussing 727(d)(2) and 727(d)(3)). In Canfield v. Lyons (In re Lyons), 23 B.R. 123, 126 (Bankr. E.D. Va. 1982), the court found that the even though 727(d)(2) did not contain language requiring knowledge of fraudulent conduct to be obtained after the discharge, it did "not give a party in interest, who has the knowledge of the probable wrongdoing the privilege to wait until after a discharge is granted to ask the court to revoke the discharge".

In the case of In re Stedham, 327 B.R. 889 (Bankr. W. D. Tenn. 2005), where a debtor failed to list a valuable antiques collection, the creditor sought to have a complaint objecting to discharge relate back his the motion to reopen the case. The creditor had knowledge of the antique collection prior to the filing of the case, received notice of the case and the date to object, and failed to timely file a complaint. In denying the motion to reopen, the bankruptcy court stated:

> The Court simply cannot allow a creditor who has knowledge that the debtor "with intent to hinder, delay or defraud a creditor or officer of the estate" is concealing property in time to object to discharge to sit on his hands and wait until sometime after the discharge is granted to file a revocation request under 727(d)(2). At some point there has to be finality to litigation and a point at which a debtor can know with certainty that his bankruptcy case has concluded. This is especially true when a creditor has knowledge of the debtor's alleged behavior prior to the discharge.

327 B.R. at 906. In denying the motion to reopen, the court noted that it was not condoning allowing a debtor to commit fraud,[8] but rather the basis of its ruling was the

---

[8] In fact, bankruptcy fraud can lead to non-civil consequences. See 18 U.S.C. §§151 - 157.

creditor's pre-discharge knowledge and failure to act. Id.

Following the reasoning of both Stedham and those courts that read a "did not know" restriction into section 727(d)(2), the Court finds that Lewis cannot show that the Debtor's discharge should be revoked pursuant to section 727(d)(2). As stated above, it has been clearly demonstrated that Lewis was on notice of facts, at a minimum, regarding the alleged fraud that he now relies upon to seek revocation. As the court in Stedham stated, there would be no purpose to 11 U.S.C. §727(a)(2) (providing an exception to discharge based on a debtor's fraud) if a person with knowledge of a debtor's alleged failure to report or deliver could assets could wait until after the discharge was entered to come forward. Id.

Even if this Court followed those that find that 727(d)(2) does not require lack of knowledge by the moving party until after the discharge, it finds that 727(d)(2) is not available to Lewis. Section 727(d)(2) requires that a debtor knowingly and fraudulently fail to report or deliver the acquisition of property of the estate to the trustee. According to Lewis' own *Petition,* the Trustee was made aware of the alleged deficiencies presumably by Lewis.[9] Accordingly, the element of 727(d)(2) that the Debtor failed to disclose or deliver to the Trustee does not appear to be present.

B.

The Time Has Expired

As an additional basis for relief, Lewis asserts that the expiration of the time period to object to discharge had not expired. Lewis supports this expiration argument on language in a scheduling order dated June 4, 2010 and ruling of September 2, 2010

---

[9] The Debtor also asserts that the Trustee was either made aware or there was testimony at the 341 meeting of creditors regarding the alleged deficiencies.

issued by Judge McCullough requiring the Debtor to produce documents. The scheduling order setting a hearing on Lewis' Motion to Compel Discovery stated that "[f]urther, Creditor, Justin R. Lewis time to Object to Discharge is extended pending the scheduled hearing". Lewis conceded at the hearing on the *Petition* that he did not know how long such language would extend the time for objection to the Debtor's discharge. See Audio Recording, Hearing Held December 13, 2011, [10:05:16-10:05:46).

The court does not subscribe to Lewis' theory that the language in the scheduling order was sufficiently open-ended so that his time to object has not expired. The hearing on the Motion to Compel was concluded on September 2, 2010 and an oral order regarding discovery production was issued. That order did not include or refer to further extensions. There is nothing of record to suggest that the extension of time was to continue indefinitely or even until such time as the Debtor had properly complied with all discovery requests. If Lewis had desired such an extension, it was incumbent upon him to so request it. Even if the language of the order could be so broadly interpreted to extend the time until compliance with all discovery requests was complete, discovery compliance was complete in July of 2011, four months before the discharge was entered. No action was taken by Lewis during that time. The Court finds therefore Lewis' argument to be unavailing.

C.

Fed. R. Civ. P. 60(b), Fed. R. Bankr. P. 9024 and 11 U.S.C. §105

As a final effort, Lewis seeks to have the time to object to discharge extended pursuant to Fed. R. Civ. P. 60(b) which is made applicable by Fed. R. Bankr. P. 9024.[10]

---

[10] The court notes that because Lewis filed his *Petition* ten days after the entry of the discharge, he could have sought relief pursuant to Fed. R. Bank. P. 9023. The court reviews the matter pursuant to the relief requested.

It is suggested by Lewis that the time to object should be extended in order to uphold the purpose and intent of Judge McCullough's orders as well as to prevent the dilatory conduct of the Debtor.

Fed. R. Civ. P. 60(b) provides that, on motion, a court may relieve a party from a final judgment, order or proceeding for:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharge; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The deadlines for filing objections to discharge pursuant to 11 U.S.C. §523 and §727 are dictated by the federal rules of bankruptcy procedure.[11] Fed. R. Civ. P. 60(b) is inapplicable to extensions of time of the relevant deadlines. The time to file an objection to discharge pursuant to 11 U.S.C. §727 is governed by Fed. R. Bankr. P. 4004. Rule 4004 (a) provides that the time to object is sixty days after the date first set for the §341 meeting of creditors. With certain exceptions not applicable here, the time can be extended pursuant to Rule 4004(b) but only if the motion is filed before the time has expired. The enlargement of these times is limited to the extent and under the condition

---

[11] It is not known to the Court whether Lewis intended, if given the opportunity, to file an objection to discharge or an objection to dischargeability.

stated in the rule. <u>See</u> Fed. R. Bankr. P. 9006(b)(3).

A complaint objecting to dischargeability under 11 U.S.C. §523(c) is governed by Fed. R. Bankr. P. 4007(a) and must be filed sixty days from the first date set for the meeting of creditors.[12] The time can be extended upon motion filed before the time has expired. <u>See</u> Fed. R. Bankr. P. 4007(b). Enlargement of that time limitation can be granted only to the extend and under the condition stated in Rule 4007. <u>See</u> Fed. R. Bankr. P. 9006(b)(3). Where these time limits have expired, the Court does not have discretion to extend them. <u>See</u> <u>Taylor v. Freeland & Kronz</u>, 503 U.S. 638, 112 S.Ct. 1644 (1992); <u>see also</u> <u>Dalembert v. Pendergrass (In re Pendergrass)</u>, 376 B.R. 473 (Bankr. E.D. Pa. 2007)(dismissing late filed discharge complaint based on reasoning in <u>Taylor v. Kronz</u>); <u>Nese v. Lokay (In re Lokay)</u>, 269 B.R. 132 (Bankr. W.D. Pa. 2001).

To the extent Lewis seeks to have Rule 60(b) applied to vacate the discharge order (as opposed to extend the time to object), the argument is similarly unavailing. Courts have taken a varied approach to the use of Rule 60(b) to vacate a discharge. Some courts have held that it can be used as a basis to vacate a discharge "provided the bankruptcy proceeding has not reached 'final resolution' and restrictions imposed by applicable statutes and rules are adhered to". <u>See</u> <u>e.g.</u>, <u>Walsh v. Bracken (In re Davitch)</u>, 336 B.R. 241, 254 (Bankr. W.D. Pa. 2006) <u>citing</u> <u>Disch v. Rasmussen (In re Rasmussen)</u>, 417 F.3d 769, 775 (7th Cir. 2005). Other courts have determined that Rule 60(b) cannot expand the limited statutory grounds for revoking a discharge order since the grounds for granting relief under Rule 60(b) are more numerous than for Section 727 which are

---

[12] If Lewis' intention was to file a complaint objecting to dischargeability it is not known under which subsection he would proceed. Based on the present record, the Court surmises that a complaint would be based on 11 U.S.C. §523(c) which governs nondischargeability complaints brought under subsections 523(a)(2), (4) and (6).

based primarily in fraud. These courts, in an attempt to resolve a seeming conflict between the statute and the rule, limit the use of Rule 60(b) to instances involving a court's attempt to correct its own mistakes. See In re Magundayao, 313 B.R. 175 (Bankr. S.D.N.Y. 2004)(summarizing cases limiting use of 60(b) to correct errors); see also In re Fesq, 153 F.3d 113, f.n. 6 (3d Cir. 1998)(dicta stating that Rule 60(b) can be used to correct clerical mistakes without fear of violating statute regarding revocation of chapter 13 confirmation order).

This Court need not decide whether Rule 60(b) is available to vacate the discharge in this instance. Even if this Court was to find Rule 60(b) applicable, Lewis has not articulated a particular subsection of the rule under which he seeks relief. Nonetheless, there does not appear to be any subsection that would support Lewis' Rule 60(b) argument under the facts of this case.

As to subsection (b)(1) relief, there has been no mistake or inadvertence in the issuance of the discharge. At the time of its entry, there was no pending objection to discharge or dischargeability and the discharge would have been entered as a matter of course. Nor was excusable neglect present. The failure to timely file a complaint was completely in the control of Lewis. The only reason offered for the failure to file was the press of other business and financial constraints. Regarding subsection (b)(2) relief, there was no newly discovered evidence that was not available prior to the discharge. With respect to subsection (b)(3) relief, the fraud referenced in this rule is of a nature that would prevent the moving party from presenting their case. See In re Peagler, Civ. A. 99-05842, 01-80021, 2001 WL 1806976, *6 (Bankr. D.S.C. June 1, 2001). However, in this case, Lewis had every opportunity to file his complaint and present his case. The only other potentially applicable subsection is the "catch-all" provision of Rule 60(b)(6). Relief

under subsection (b)(6) is extraordinary and is to be invoked only under exceptional circumstances. See In re Fine Paper Antitrust Litigation, 840 F.2d 188, 194 (3d Cir. 1988). Such circumstances do not exist here. To hold otherwise would mean that the court could provide relief under Rule 60(b)(6) at almost any request and such a result would allow any creditor to disrupt the finality a discharge order provides in bankruptcy. See In re Borczyk, 458 B.R. 468 (Bankr. N.D. Ill. 2011).

Moreover, vacating the Debtor's discharge pursuant to Rule 60(b) would only leave this case in a procedural vacuum. Vacating the discharge would not determine whether the Debtor is nevertheless entitled to a discharge as nothing in this Memorandum Opinion constitutes an actual finding of fraud by the Debtor (rather, the Court merely has taken or assumed Lewis' allegations as true). Lewis would still need to bring an action objecting to discharge or dischargeability. As previously discussed, the time for filing has passed, and the Court has no discretion to extend those deadlines. Thus, even if the discharge was vacated, Lewis would be without a remedy. To vacate the discharge would therefore be fruitless.[13] See In re Mackay, 324 B.R. 566 (Bankr. M.D. Pa. 2005)(reconsideration of discharge denied where movant had not timely filed discharge complaint or extension of time, and Fed. R. Bank. P. 9006(b)(3) did not allow extension of time, leaving movant would be without a remedy); see also In re Shephard, supra.

Finally, 11 U.S.C. §105 can only be exercised within the confines of the Bankruptcy Code and cannot be used to disregard statutory language. See Borczyk, 458 B.R. at 472 (citations omitted). Even absent such a restriction, this is not the type of

---

[13] Lewis also seeks to have a forensic accountant appointed. Employment of professionals is governed by 11 U.S.C. §327 which allows for employment by the *trustee*. In this case, the Chapter 7 Trustee has administered this no-asset case and has been discharged. Such a remedy to be funded by the bankruptcy estate is not available to Lewis

00006962.WPD                                    14

instance that would warrant such extraordinary relief.

### III.

Lewis had knowledge before the entry of the Debtor's discharge of the alleged facts that he now asserts form the basis of his *Petition to Vacate Discharge*. Lewis did not timely act to either object to the debtor's discharge or the dischargeability of his debt. Lewis' knowledge prevents the revocation of the Debtor's discharge under Section 727(d). Fed. R. Civ. P. 60(b), assuming applicable, does not provide Lewis with a remedy since after the discharge would be vacated, Lewis would still need to file an adversary proceeding. The bankruptcy rules do not permit him to do so after the time has expired.

The *Petition to Vacate Discharge* shall therefore be denied. A separate Order shall be entered.

March 29, 2012



_____
Jeffery A. Deller
U.S. Bankruptcy Judge

case administrator to serve:

Justin R. Lewis, Esq.
Robert O Lampl, Esq.
Office of U.S. Trustee

**FILED**

MAR 2 9 2012

CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PENNSYLVANIA